IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


Cesar Saul Zuno Huaracha &       )
Alejandra Arceo Hernandez,       )
                                 )
     Plaintiffs,                 )
                                 )
                                 )
     v.                          )          No. 25 C 12267
                                 )
                                 )
Joseph B. Edlow,                 )
District Director,               )
U.S. Customs and Immigration     )
Service, et al.,                 )
                                 )
     Defendants.                 )


Memorandum Opinion and Order

Plaintiffs Cesar Saul Zuno Huaracha and his wife Alejandra Arceo Hernandez petitioned the U.S. Citizenship and Immigration Services to recognize their spousal relationship in October 2023. In response to inaction on USCIS's part, plaintiffs filed this suit, alleging unreasonable delay under the Administrative Procedure Act and petitioning for a writ of mandamus. USCIS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and then, while that motion was pending, took action on the petition. USCIS has argued that that latter act renders this case moot, and I agree. For the reasons that follow, I grant the motion to dismiss.

1

## I.

Zuno Huaracha is a lawful permanent resident of the United States, while his wife, Arceo Hernandez, as well as his child, are citizens of Mexico.[1] Zuno Huaracha filed an I-130 Petition for Alien Relative with USCIS on behalf of Arceo Hernandez and the child, both physically in Mexico, on October 6, 2023.[2] Until very recently, USCIS took no action on that petition. As a result, plaintiffs filed this lawsuit, naming, in their official capacities only: Joseph Edlow (USCIS District Director); Martha Medina-Maltes (USCIS Chicago Field Office Director); Kristi Noem (then-Secretary of Homeland Security—this office is now occupied by ex-Senator Markwayne Mullin); and Pamela Bondi (then-U.S.

---

[1] Plaintiffs do not specify Zuno Huaracha's citizenship.

[2] To become a lawful permanent resident and remain in the United States, a noncitizen must generally obtain an immigrant visa. *See* 8 U.S.C. §§ 1151–54. When a lawful permanent resident ("LPR") marries a noncitizen, the LPR may file a form I-130 to petition the Attorney General to classify their spouse as an immediate relative, making them potentially eligible for a visa. 8 U.S.C. §§ 1151(b)(2)(A)(i) (defining "immediate relative"); 1154(a)(1)(A)(i) (creating the petition procedure); 8 C.F.R. § 204.1 (specifying the I-130 form). The noncitizen can then file a form I-485 petition for adjustment of status to LPR, which means, if the petition is granted, that the noncitizen gets a green card and a path to citizenship. 8 USC § 1255(a) (allowing Attorney General to adjust status); 8 C.F.R. § 245.2 (specifying the I-485 form). USCIS evaluates forms I-130 and I-485 on behalf of the Attorney General. See 6 U.S.C. § 271(b).

2

Attorney General—as of writing, the acting U.S. Attorney General is Todd Blanche).

While their complaint does not neatly delineate causes of action, plaintiffs have asked me to order USCIS to adjudicate their I-130 petition. Plaintiffs allege that unreasonable delay gives me three bases to order relief: (1) pursuant to the APA; (2) with a writ of mandamus; and (3) pursuant to their due process rights under the Fifth Amendment which have been prejudiced by the delay.

After USCIS filed its motion to dismiss, perhaps in response to this lawsuit, the agency invited Zuno Huaracha to attend the first step in an adjudication of his petition, an appointment to take his biometric information.

## II.

Courts in this district and others have found that when USCIS begins moving an immigration petition along, even where the agency's action amounts only to a first step, that action moots a claim for adjudication. *E.g.*, *Sabo v. Mayorkas*, 2024 WL 2863373, *1, *4-*5 (N.D. Ill. June 5, 2024) (collecting cases); *Yusupov v. Mayorkas*, 2021 WL 6105720, *1, *1-*2 (E.D.N.Y. Dec. 23, 2021) (same); *Markandu v. Thompson*, 2008 WL 11510675, *1, *2-*3 (D.N.J. June 11, 2008) (same).

Here, however preliminary the invitation might be, USCIS has begun "to spin its bureaucratic cogs toward decision" by inviting

Zuno Huaracha to a biometric information appointment. *Markandu*, 2008 WL 11510675, at *3. While a sharp minority of district courts have found that preliminary action on the agency's part will not moot a case for adjudication, those cases concern facts and legal issues not present here.[3] Plaintiffs' claims are moot.

### III.

Defendants' motion is granted. Given that unreasonable delay in the future would cause plaintiffs' claims to ripen, they are dismissed without prejudice.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: April 17, 2026

---

[3] *See An v. Mayorkas*, 2022 WL 522970, *1, *2-*3 (D.D.C. Feb. 22, 2022) (involving a delay of nearly six years and where USCIS did not attempt to argue the delay was reasonable);

*See also Lamarche v. Mayorkas*, 691 F. Supp. 3d 274, 276-78 (D. Mass. 2023) (involving the processing of petitions from Afghan allies abandoned in that country after the end of the war in 2021).